UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL  RODRIGUEZ,               :
                                 :
          Petitioner             :     No. 1:14-CV-01223
                                 :
     vs.                         :     (Judge Kane)
                                 :
DAVID J. EBBERT, WARDEN,         :
                                 :
          Respondent             :

## MEMORANDUM

Daniel Rodriguez, an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named David J. Ebbert, Warden of USP-Lewisburg, as the Respondent. Doc. 1, Rodriguez's Petition. Rodriguez is presently serving a term of imprisonment of 272 months for firearms offenses and contends that the district court that sentenced him incorrectly calculated his guideline range. Id. The required filing fee has been paid. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

## Background

On August 5, 1994, a federal grand jury sitting in Southern District of Florida returned an indictment, charging Rodriguez with the following offenses: (1) assault on a federal judge in violation of 18 U.S.C. § 111 (Count I); use of a firearm

during a crime of violence in violation of 18 U.S.C. §924 (Count II); and (3) two counts of being a felon in possession of a firearm (Counts III and IV). Doc. 8-2, Attachment to Response to Petition, at 1-2.  On January 12, 1995, following a jury trial in the United States District Court for the Southern District of Florida, Rodriguez was found guilty of all of the charges except the charge of assault on a federal judge (Count I). <u>Id.</u>, at 5.  On February 1, 1995, Rodriguez filed a motion for a new trial and/or for judgment of acquittal. <u>Id.</u>, at 5.  On March 23, 1995, the district court issued a memorandum granting the motion with respect to Count II of the indictment and directed the parties to submit a proposed order effectuating that dismissal.[1]  <u>Id.</u>, at 6.

---

1.  In a memorandum dismissing Count II of the indictment which was retrieved by our Clerk's Office from the records center for the Southern District of Florida, the Honorable Robert B. Propst, Senior Judge, stated in relevant part as follows:

> The jury acquitted defendant as to Count I, but convicted as to Count II.  Although it is unnecessary for it to do so, the jury made two specific findings in the verdict form as to Count I: (1) that the federal officer was not on duty at the time of the assault; and (2) that the assault was not inflicted upon the federal officer on account of his being a federal judge.

> Defendant argues that, in light of the jury's acquittal on Count I, "there is no logical basis upon which a finding could be based that the defendant possessed a gun during [] the commission of the offense charged in Count I." [] According to defendant, the conviction on Count II was not supported by sufficient evidence.

<u>United States v. Rodriquez</u>, No. 94-402-CR-PROPST, slip op. at 1-2 (S.D. Florida Mar. 26, 1995). Judge Propst agreed in part with the above argument and, consequently, dismissed Count II. In so

(continued...)

Rodriguez was found guilty, as stated above, under 18 U.S.C. § 922(g)(two counts) and he also had the requisite number and type of prior convictions to trigger the applicability of the Armed Career Criminal Act found at 18 U.S.C. § 924(e). Doc. 8-1, Attachments to Response to Petition, at 20.  A presentence report was prepared utilizing the version of the United States Sentencing Guidelines effective on November 1, 1994, and the sentencing range was determined to be 262 to 327 months of imprisonment. Id., at 17; Doc. 1, Petition, at 11 & Attachments thereto, at 23-24 & 26-28.  The presentence report was dated February 28, 1995, and objections were filed on April 5, 1995, to that report. Doc. 8-1, Attachments to Response to Petition, at 18 n.4; Doc. 8-2, Attachment to Response to Petition, at 6.  The objections were overruled and Rodriguez was sentenced on April 10, 1995, to a term of imprisonment of 272 months on each of Counts III and IV of the indictment to be served concurrently and to be followed by 5 years of supervised release. Id.

During the sentencing hearing, Judge Propst explained that he was imposing a sentence 10 months above the minimum of the

---

1.  (...continued)
doing, Judge Propst stated "this judge cannot, in good conscience, conclude that the evidence was sufficient to establish, beyond a reasonable doubt, that Judge Highsmith was on duty at the time of the assault. The court also concludes that a conviction cannot be based on the evidence that Judge Highsmith was assaulted because he was a federal judge." Id. at 11. Judge Propst in the memorandum opinion also noted that Judge Highsmith was returning to his home from a golf outing on Sunday when he was assaulted and concluded that Count II could not be upheld because the jury acquitted Rodriguez of Count I. Id. at 7.

guideline range because of Rodriguez's perjury at the trial. Doc. 1, Petition, Attachments thereto, at 27-28.

The judgment of sentenced docketed on April 21, 1995 further indicates that Rodriguez was found not guilty of Count 1 of the indictment and that Count 2 was dismissed. Doc. 8-2, Attachment to Response to Petition, at 6.

On April 12, 1995, Rodriguez filed an appeal to the Court of Appeals for the 11th Circuit. Id. On December 29, 1996, the Court of Appeals affirmed Rodriguez's judgment of conviction and sentence. Id.

On December 29, 2003, Rodriguez filed in the United States District Court for the Southern District of Florida a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Id. at 7. The case was assigned to Judge Jose E. Martinez and on June 30, 2004, Rodriguez's motion was dismissed. Id. Rodriguez did not appeal that dismissal. Id. On April 26, 2005, Rodriguez filed a second § 2255 motion which was dismissed by Judge Martinez on July 21, 2006. Id. Rodriguez again did not appeal that dismissal. Id.

On February 13, 2009, Rodriguez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he raised an issue similar to the one presently raised in the instant § 2241 habeas petition. Id. On March 16, 2009, Judge Propst denied that motion. Id. In so doing Judge Propst stated the following regarding his calculation of the guidelines:

4

> The defendant has focused on the language . . . which
> says that being a felon in possession of a firearm
> is not a "crime of violence." He uses that language to
> aver that the court improperly applied U.S.S.G.
> §4B1.4(b)(3)(A) to find that he had a base offense level
> of 34. In so doing, the defendant misapprehends the
> reference in that subsection to "crime of violence,"
> apparently believing that the court construed that the
> counts of conviction, i.e. the felon in possession of
> a firearm counts, were crimes of violence. That is not
> the finding made by the court.
>
> It was not the counts of conviction that constituted the
> crimes of violence; rather, it was the use of which the
> defendant put the firearm which he possessed. The court
> specifically found:
>
>> that the firearms, at least one or more of them,
>> was used in a crime of violence and that the manner
>> of that use was, in effect, striking [the victim]
>> on the side of the head with it. Now, that, to me,
>> would be a crime of violence and to the extent that
>> the Court is authorized to make such a finding in
>> this connection, I so find it.
>
> Transcript of sentencing at p. 68-69.

Doc. 8-1, Attachments to Response to Petition, at 19-20.  To
arrive at a guideline range of 262 to 327 months, Rodriguez had to
have a Total Offense Level of 34 and Criminal History Category of
VI.

With respect to the Total Offense Level Judge Propst
noted that there was no question that Rodriguez was an armed
career criminal as that term is defined in 18 U.S.C. §924(e) and
that under U.S.S.G. § 4B1.4(b)(3)(A) his Total Offense Level was
34 because he illegally possessed a "firearm to commit a 'crime of
violence,'i.e. he assaulted the victim by hitting him on the head

with the firearm" which conduct met the definition of "crime violence" found at U.S.S.G. §4B1.2(1).[2]  Id. at 20-21.

With respect to the Criminal History Category Judge Propst correctly stated that U.S.S.G. 4B1.4© calculates the Criminal History Category under Chapter Four of the Guidelines or from the Career Offender Guideline at 4B1.1. Id. at 21. Judge Propst noted that the Career Offender Guideline did not apply because Rodriguez's offenses of conviction were not felonies that qualified as crimes of violence or controlled substance offenses.[3] Id. Judge Propst, however, concluded that under Chapter Four Rodriguez had 14 criminal history points which placed him in Category VI. Id.

---

2.  Under that section "crime of violence" is defined as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." It is not necessary that a defendant be charged or convicted of a crime of violence in order to apply U.S.S.G. §4B1.4(b)(3)(A). United States v. Mack, 42 F. Supp. 523, 526-527 (E.D.Pa. 1999), aff'd United States v. Mack, 229 F.3d 226 (3rd Cir. 2000); see also United States v. Jones, 2009 WL 1034439, *3-4 (E.D. Pa. April 16, 2009).

3.  In order to apply the career offender provision, U.S.S.G §4B1.1, the "instant offense of conviction" has to be a crime of violence. Because a felon in possession of firearm is not considered a crime of violence, the career offender provision could not be applied.  Although the offenses of conviction were not "crimes of violence," Rodriguez engaged in conduct that qualified as a "crime of violence" as defined in U.S.S.G. § 4B1.2(1) and thus made U.S.S.G. § 4B1.4(b)(3)(A) applicable.

On May 5, 2010, the Court of Appeals for the Eleventh Circuit affirmed the decision of Judge Propst denying Rodriguez's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Id., at 12-15.

Additionally on July 16, 2009, while incarcerated in a federal facility in California, Rodriguez filed in the United States District Court for the Central District of California a § 2241 petition for writ of habeas corpus. Id., at 5-9. On May 27, 2007, the district court in California dismissed Rodriguez's petition. Id.

The Court of Appeals for the Eleventh Circuit on October 13, 2011, denied Rodriguez's application to file a successive § 2255 motion in which he stated that he intended to argue that one or his prior convictions is no longer considered a crime of violence under the Armed Career Criminal Act, that his burglary offenses should not be considered violent offenses under the Armed Career Criminal Act, and that he is actually innocent of being an armed career criminal. Id., at 1-3.

On June 24, 2014, Rodriguez filed the instant petition for writ of habeas corpus and argues as follows:

> In short, the sentencing court arbitrarily errored (sic) by misapplying the guidelines under 4B1.4(b)(3)(A) and 4B1.4(c)(2). In order for the courts to sentence the Petitioner to a level 34, Category 6 "The instant instant offense of conviction must be a crime of violence as defined in 4B1.2.  Here the Petitioner was acquitted of the crime of violence and found guilty ONLY of being a felon in possession of a firearm.

7

Doc. 9, Rodriguez's Traverse.  Rodriguez contends that he should have been assigned a Total Offense Level of 33 and a Criminal History Category of IV. Id.  Such a combination of a total offense level and criminal history category would result in a guideline imprisonment range of 188 to 235 months.  The Respondent argues that this court should dismiss the habeas petition because Rodriguez cannot challenge his federal sentence by way of a § 2241 petition and because his petition constitutes a successive petition under 28 U.S.C. § 2255.

## Discussion

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972).

In the instant case, Rodriguez clearly maintains that his federal conviction violates his federal statutory and constitutional rights.  Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced.  Rodriguez is also challenging his conviction on the basis of arguments that were already addressed

by the district court in the Southern District of Florida and by the Court of Appeals for the Eleventh Circuit.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Lequillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id</u>.; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is

the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986).

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. <u>Reyes-Requena v. United States</u>, 243 F. 3d 893, 901 (5th Cir. 2001) (<u>citing</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)). Rodriguez has not met this burden. Moreover, to the extent that Rodriguez has sought, and been denied, permission by the Court of Appeals for the Seventh Circuit to file a second § 2255 motion, section 2255 is not inadequate or ineffective merely because Rodriguez is unable to meet the gatekeeping requirements for filing a second § 2255 motion. <u>In re Dorsainvil</u>, 119 F.3d at 251.

Thus, the court will dismiss Rodriguez's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right Rodriguez may have to seek leave to file a second or successive § 2255 motion in the sentencing court.

Finally, Rodriguez is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a

certificate of appealability is necessary.

        An appropriate order will be entered.


                        s/ Yvette Kane
                        Yvette Kane
                        United States District Judge


Date: April 7, 2015